Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas ☐▼

Sherman Division

**FILED**

DEC 14 2020

Clerk, U.S. District Court
Texas Eastern

Pillars, Rebekah Anne

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*
-v-

Pate Rehabilitation Endeavors, Inc,

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case No. 4:20cv955

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Rebekah A Pillars |
| Street Address | 2127 Meadow Park Drive |
| City and County | Princeton, Collin County |
| State and Zip Code | Texas 75407 |
| Telephone Number | 9722072967 |
| E-mail Address | rebekah.pillars03@gmail.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name                           Pate Rehabilitation Endeavors, Inc.

Job or Title *(if known)*

Street Address                 2655 Villa Creek Drive, Suite 140

City and County                Dallas, Dallas County

State and Zip Code             Texas 75234

Telephone Number               (972) 241-9334

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Pate Rehabilitation Endeavors, Inc. |
| Street Address | 3325 Pate Way |
| City and County | Anna, Collin County |
| State and Zip Code | Texas 75409 |
| Telephone Number | (972) 838-2602 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☑ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

10/16/2019

C.   I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☑ gender/sex    Pregnancy Discrimination
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

E.   The facts of my case are as follows. Attach additional pages if needed.

Pages Attached:
- Facts of Case
- Charge Filed with Equal Employment Opportunity Commission
- Right to Sue Letter

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
03/20/2020

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☑      issued a Notice of Right to Sue letter, which I received on *(date)*   09/16/2020      .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

- Backpay dating up to 09/09/2020, the first paycheck Rebekah Pillars would have received after returning to work on 08/27/2020, totaling $24,156.00
- PTO & Sick Leave Accruals for the 24 pay periods Rebekah Pillars should have accrued while being employed, totaling $1,330.56
- Compensatory Damages for Pain and Suffering experienced by Rebekah Pillars and immediate family members who were impacted by Rebekah Pillars' dismissal from Pate Rehabilitation, totaling $13,013.44
- Court Costs

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    12/14/20

Signature of Plaintiff

Printed Name of Plaintiff    Rebekah A. Pillars

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

**Facts of the Case**

My name is Rebekah Pillars, I previously worked for Pate Rehabilitation aka Pate Rehabilitation Endeavors, Inc., in Anna, Texas as an overnight Rehab Technician aka Rehab Tech. I worked Wednesday/Thursday from 11:00pm – 7:30am, Saturday/Sunday from 7:00pm – 7:30am. I was let go because HR would not accommodate me for the remainder of my pregnancy, approximately 34 weeks. I began my employment on 01/22/2019 and was let go on 10/16/2019. According to HR, since they could not accommodate me for that long and due to me being employed less than 12 months and thus ineligible for FMLA leave, I could not continue being employed until after I was no longer in requirement of being accommodated.

On 10/09/19, I got a doctor's accommodation note to avoid turning, transferring, or standing patients over 150 lbs. *by myself.* The reason for this accommodation was due to my being pregnant and having strained an abdominal muscle while assisting a heavy-set patient solely. I asked the doctor to remain ambiguous as to the reason why I needed the accommodation due to the fear of losing my job, which I verbalized on 10/16/19 in a text conversation with my house manager, Melodee Chandler. I was also threatened by my shift lead, Connie Averitt, who knew I was pregnant, that if the accommodation were not lifted soon that she would need to find my replacement.

This is a facility that specializes in TBI (traumatic brain injury) rehabilitation. The duties performed by overnight staff include varying levels of patient care, cleaning the facility or house you're assigned, preparing breakfast, passing medications, other nurse delegated tasks and transportation duties. I would have continued working to the best of my abilities in all these areas had I not been let go. I would not have opted to take my FMLA leave until I had my child. In fact, as I made it aware to team leads, coworkers and my house manager during any performance meeting, I wanted to continue working here for years to come. Through Pate I became CPR certified, CPI trained, medically trained to complete nurse delegated tasks and received my food handler's license. This place was an easy fit and it felt like I had been working there for years. Often hearing from staff, including comments made in my performance meetings, that it felt like I had worked there for years. I was not in trouble at this job, in fact before finding out about my condition, I was being offered a promotion at another house on or around 10/09/2020. I was an eager employee.

I also witnessed Pate and my immediate supervisors grant temporary accommodations for non-work-related injuries to both male and female employees.

Accommodations that could have been made at Pate Rehabilitation:

- Light Duty in West House which entails transportation duties, cleaning, food prep, nurse delegated tasks, teamwork-based patient care on patients >150lbs., sole patient care <150 lbs. In cases of emergencies or drills, I could have maintained the med cart and the assistance of patients once they exited the building.
- Transferred to Hilltop; a house with incredibly light work on a regular basis
- Transferred to office work during the day

I would have worked until I gave birth, taken my 12 weeks of FMLA leave and returned to work at Pate Rehabilitation on 08/27/2020. The consequences to this decision were dire. I applied for unemployment and was denied due to having overnight care and not daytime care for the new potential job I would need. Being abruptly let go, I had to use the last check I earned towards all the following month's bills which dwindled any chance to acquire daycare for my toddler son. I looked for office work and similar jobs to this one, but did not find employment. The weight of my bills was and has been carried by my loved ones, which has caused them a significant amount of stress. My dad, and roommate, who has taken on the bulk of my financial responsibilities has experienced a great deal of stress, increasing his physical ailments because of his stress/trigger responses. He has had to pawn personal items to keep us afloat, and deny himself necessary medical care due to lack of funds. The emotional toll this termination made was inexplicably difficult considering I was to bring another life into this world, into a financial stability that I should have been able to provide. This caused anxiety, depression, and a loss of enjoyment in the experiences of being pregnant. Instead, it compiled fears, a lacking to be able to provide, and a feeling of being unequipped. I found I required the services of a mental health professional to help me handle the consequences. Then Covid hit and it hit us hard, like so many others. My dad's employment unexpectedly ended in the first week of March and due to my being let go I was ineligible for the unemployment provided in the CARE Act. I still continued seeking employment, and was further denied after interviews. I am several thousands of dollars in debt to family members and friends who helped me with my financial responsibilities and the

preparation of bringing a child into the world, which is a God-given right that is federally protected.

Due to the intentional nature of being let go because of my pregnancy and the accommodations that I required, I am requesting a financial compensation to the losses I have incurred and compensatory damages awarded due to the pain and suffering this action caused. I am requesting a minimum total of $38,500.00;

- Backpay dating up to 09/09/2020, the first paycheck I would have received after returning to work on 08/27/2020, totaling $24,156.00
- PTO & Sick Leave accruals for the 24 pay periods denied to me, totaling $1,330.56
- Compensatory Damages for Pain & Suffering experienced, totaling $13,013.44
- Court Costs

Thank you for your time and consideration in this delicate matter.

Rebekah Pillars

Rebekah.pillars03@gmail.com

972-207-2967